IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DERRICK LYNN DEFOE,<br>AIS #318595, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION NO. 2:21-CV-30-WHA<br>) |
| B. CHADWICK WISE – JUDGE OF<br>LIMESTONE COUNTY CIRCUIT COURT, | )<br>)<br>) |
| Defendant. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### **I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Derrick Lynn Defoe, a state inmate currently incarcerated at the Staton Correctional Facility. In this complaint, Defoe challenges the constitutionality of actions taken during proceedings before the Circuit Court of Limestone County, Alabama related to criminal convictions imposed upon him for child abuse. Doc. 1 at 5–10. Defoe names B. Chadwick Wise, the state judge who presided over his criminal cases, as the defendant in this case.

Upon review of the complaint and in light of the claims presented therein, the undersigned finds that this case should be transferred to the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1406.[1]

---

[1] Upon initiation of this civil action, Defoe filed an application for leave to proceed *in forma pauperis*. Doc. 2. The court finds that a ruling on such application, including assessment and collection of any filing fee, should be undertaken by the United States District Court for the Northern District of Alabama.

## II.  DISCUSSION

A 42 U.S.C. § 1983 "action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).  The law further provides that when a case is filed "laying venue in the wrong division or district" the court may, "if it be in the interest of justice, transfer such case to any district . . . where it could have been brought."  28 U.S.C. § 1406(a); *see also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought[.]"); 28 U.S.C. § 1631 (Providing this court the authority to transfer a civil action to an appropriate court as defined in 28 U.S.C. § 610 to "cure a want of jurisdiction" where such transfer "is in the interest of justice[.]").

Limestone County, Alabama is located within the jurisdiction of the United States District Court for the Northern District of Alabama.  Thus, the actions about which Defoe complains occurred in the Northern District of Alabama.  Moreover, the complaint demonstrates that the individual listed as a defendant resides in the Northern District of Alabama.  Under these circumstances, the claims asserted by Defoe are beyond the venue

of this court. However, it is clear from the complaint that the proper venue for this civil action is the United States District Court for the Northern District of Alabama.

In light of the foregoing, the undersigned finds that in the interest of justice, this case should be transferred to the United States District Court for the Northern District of Alabama for review and disposition.[2]

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 1406(a).

On or before **February 2, 2021**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the

---

[2] In transferring this case, this court makes no determination with respect to the merits of the plaintiff's claims for relief.

interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 19th day of January, 2021.

                          /s/ Charles S. Coody
                          UNITED STATES MAGISTRATE JUDGE